UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VICTORIA IGBOELI-ILODI**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**EZ ENERGY GROUP LLC**, a Florida limited liability company, and **JOHN DOE CORPORATION**,<br><br>*Defendants*. | Case No.: 1:19-cv-1996<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Victoria Igboeli-Ilodi, ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants EZ Energy Group LLC ("EZ Energy") and John Doe Corporation ("John Doe Corporation" and together with EZ Energy "Defendants") to: (1) stop their practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. EZ Energy is a national company that provides telemarketing services for energy supply companies, as well as other types of businesses throughout the USA and Canada. EZ Energy has focused on the deregulated energy sales business since at least 2008.

2. John Doe Corporation is an electricity supplier certified by the Public Utilities Commission of Ohio ("PUCO").

3. In an attempt to generate sales leads, and ultimately increase its revenues, EZ Energy created a fax-based marketing campaign wherein it sent numerous unsolicited faxes advertising the products and services of John Doe Corporation across the country.

4. EZ Energy sent the fax advertisements at issue to Plaintiff and members of the Classes (defined below) on behalf of John Doe Corporation despite: (i) having no previous relationship with them; and (ii) never receiving the recipients' consent to receive such faxes.

5. The Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing, or having an agent fax, advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

6. The JFPA further requires that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, instructions on how to opt out of future transmissions, and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendants' misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

7. As such, Defendants' fax advertisements violate the JFPA, and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

8. Accordingly, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff Igboeli-Ilodi is a natural person and resident of Cuyahoga County, Ohio.

10. Defendant EZ Energy is a limited liability company incorporated and existing under the laws of the State of Florida. EZ Energy systemically and continuously conducts business throughout this District, the State of Ohio, and the United States. EZ Energy can be served through its registered agent, Jacquelyn A. Granzow, located at 11370 66th Street N Suite 132, Largo, Florida 33773.

11. John Doe Corporation is a customer of EZ Energy. The true identity of John Doe Corporation will be revealed during discovery and Plaintiff will amend, or seek leave to amend, the Complaint at that time.

## JURISDICTION & VENUE

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

13. The Court has personal jurisdiction over Defendants because Defendants solicit significant consumer business in this District, John Doe Corporation has entered into contracts in

this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, and/or was directed to, this District. Specifically, Plaintiff received the unsolicited faxes at issue on her facsimile machine, in this District. Additionally, venue is proper in this District because Plaintiff resides in this District.

14. In addition, Defendants availed themselves to the jurisdiction of the State of Ohio by transmitting the unauthorized fax advertisements to Plaintiff and Class Members in this District, directing their marketing efforts toward this District, soliciting customers in this District, and entering into business contracts in this District. *See Advanced Dermatology v. Adv-Care Pharmacy, Inc.*, 1:17 CV 251, 2017 WL 5067576 (N.D. Ohio, Oct. 31, 2017) (Nugent, J.).

## COMMON ALLEGATIONS OF FACT

15. EZ Energy provides telemarketing services for energy supply companies.

16. John Doe Corporation is a certified supplier in the Ohio Energy Choice Program, offering electricity and/or natural gas to consumers and/or small businesses in Ohio.

17. In recent years, energy suppliers such as John Doe Corporation have turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a primary method by which John Doe Corporation solicits new customers, through vendors and third parties such as EZ Energy.

18. Indeed, EZ Energy boasts on their website that they specialize in commercial energy customer acquisition and that their "state of the art dialers can deliver email sales collateral or fax other relevant documents directly from the screen."[1]

19. In order to boost sales and increase John Doe Corporation's revenues, EZ Energy sends numerous faxes advertising electric or gas supply services.

---

[1] *See* http://ez-energygroup.com/commercial-customer-acquisition/

20. EZ Energy sends these fax advertisements to individuals and businesses on behalf of John Doe Corporation, with which neither has any prior relationship, and without their permission or consent, in violation of the JFPA.

21. The faxes sent by EZ Energy constitute advertisements because they promote the commercial availability and quality of John Doe Corporation's electric or gas supply services.

22. The faxes sent by EZ Energy on behalf of John Doe Corporation did not have a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time.

23. EZ Energy used a telephone facsimile machine, computer or other device to send the fax advertisements at issue, on behalf of John Doe Corporation.

## FACTS SPECIFIC TO PLAINTIFF

24. On March 20, 2019, EZ Energy, on behalf of John Doe Corporation, used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff. (A true and accurate copy of the March 20, 2019 fax advertisement is attached hereto as Exhibit A.

25. On March 21, 2019, EZ Energy, on behalf of John Doe Corporation, used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff. (A true and accurate copy of the March 21, 2019 fax advertisement is attached hereto as Exhibit B.

26. On April 10, 2019, EZ Energy, on behalf of John Doe Corporation, used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff. (A true and accurate copy of the April 10, 2019 fax advertisement is attached hereto as Exhibit C.

27. Defendant's faxes promoted John Doe Corporation's electric supply services. (See Exs. A-C.)

28. Plaintiff had no prior business relationship with Defendants and had never provided them with consent to receive advertisements through any medium, let alone facsimiles.

29. EZ Energy, on behalf of John Doe Corporation, created the content of the fax advertisements and transmitted them to Plaintiff and members of the Classes with the intention of generating sales and increasing revenues.

30. Exhibits A and B instruct recipients to call a toll-free number – 866-991-9350 that is owned, operated, assigned to, leased by, or utilized by Defendant EZ Energy.

31. Exhibit C instructs recipients to call a different toll-free number – 877-404-5801 that is also owned, operated, assigned to, leased by, or utilized by Defendant EZ Energy.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually, and on behalf of, two classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, EZ Energy or John Doe Corporation, (iv) for whom Defendants did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.
>
> **Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received an unsolicited telephone facsimile advertisement, (iii) sent by, or on behalf of, EZ Energy or John Doe Corporation, (iv) for whom Defendants did not have a record of prior express consent to send the facsimile advertisements at the time they were sent, (v) where such facsimile advertisement failed to contain the required opt-out notice.

33. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3)

persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

34. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, EZ Energy faxed unsolicited advertisements on behalf of John Doe Corporation to hundreds or thousands of individuals and entities who fall into the definition of the Classes. Class membership can be easily determined from Defendants' records.

35. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Defendants violated the JFPA with respect to Plaintiff, then they violated the JFPA with respect to the other members of the Classes. Plaintiff and members of the Classes sustained damages as a result of Defendants' uniform wrongful conduct.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

      **No Consent Class:**

a. How EZ Energy, on behalf of John Doe Corporation, gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class;

b. Whether Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

7

    c.    Whether EZ Energy, on behalf of John Doe Corporation, sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

    d.    Whether EZ Energy, on behalf of John Doe Corporation, sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

    e.    Whether Defendants' conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

**Opt-Out Class:**

    a.    Whether Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

    b.    Whether Defendants' faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

    c.    Whether Defendants' conduct was willful such that Plaintiff and the Opt-Out Class are entitled to treble damages.

37.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

38.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive

relief appropriate with respect to the Classes as a whole. Defendants' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

39. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the No Consent Class)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

42. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

43. The faxes sent by EZ Energy, on behalf of John Doe Corporation, advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendants' faxes are advertisements under the JFPA.

44. EZ Energy, on behalf of John Doe Corporation, sent the facsimile advertisements at issue to Plaintiff and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

45. By sending, or having sent, the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, EZ Energy and John Doe Corporation violated 47 U.S.C. § 227(b)(1)(C).

46. As a result of Defendants' conduct, Plaintiff and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

47. Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendants' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct."

*Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

48. Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendants' violations of the JFPA do not continue into the future.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Opt-Out Class)

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. The JFPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

41. The faxes sent by EZ Energy, on behalf of John Doe Corporation, advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendants' faxes are advertisements under the JFPA.

42. Defendants sent facsimile advertisements to Plaintiff and the Opt-Out Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that: (i) informed fax recipients of their legal right to opt out of receiving future facsimile advertisements; (ii) identified a facsimile number for fax recipients to transmit their opt-out requests to Defendants; and (iii) informed recipients of Defendants' own obligation to comply with opt-out requests within a reasonable time.

43. Defendants' failure to include the opt-out notice information required by the JFPA deprived Plaintiff and members of the Opt-Out Class of the ability to make informed decisions with respect to their legal right to not receive faxed advertisements and denied them of

11

the information necessary to opt out of receiving future fax advertisements.

44. By sending, or having sent, the advertisement faxes at issue to Plaintiff and members of the Opt-Out Class without the opt-out information required by the JFPA, Defendants violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

45. Plaintiff and the Opt-Out Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendants' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

46. Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the Opt-Out Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendants' violations of the JFPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

2. An order declaring that Defendants' actions, as set out above, violate the JFPA;

3. An order declaring that Defendants' faxes constitute unsolicited advertisements, and that EZ Energy, on behalf of John Doe Corporation, sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Defendants from further violations, and otherwise protecting the interests of the Classes;

12

4. An award of actual and statutory damages;

5. An award of pre-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**VICTORIA IGBOELI-ILODI**, individually and on behalf of all others similarly situated

Dated: August 29, 2019                By:   /s/Adam T. Savett
                                              One of Plaintiff's Attorneys

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiff and the Putative Classes*

# Exhibit A

03/20/2019 Wed 14:23          ID: #388972 Page 1 of 1



**ATTENTION AEP CUSTOMERS!**

As of March 2019 your electric rates are going up to .09 cents per kilowatt hour. That's an increase of over 45%.

If you do not do anything your rates will increase. If you would like to take control over your rate increases and lock in a lower rate that will not change you can call Energy Advisors at 1-866-991-9350 Mon-Fri between the hours of 9 and 5pm to speak to a specialist to see what rate your business account may qualify for.

# Exhibit B

03/21/2019 Thu 11:31  ID: #393680  Page 1 of 1



**ATTENTION AEP CUSTOMERS!**

As of March 2019 your electric rates are going up to .09 cents per kilowatt hour. That's an increase of over 45%.

If you do not do anything your rates will increase. If you would like to take control over your rate increases and lock in a lower rate that will not change you can call Energy Advisors at 1-866-991-9350 Mon-Fri between the hours of 9 and 5pm to speak to a specialist to see what rate your business account may qualify for.

17

# Exhibit C

04/10/2019 Wed 11:51                                          ID: #287645  Page 1 of 1

## ATTENTION

Your current electric contract is expiring. As of April2019 your ELECTRIC rates are going up over 30%. If you look at your current electric bill and your rate is anything over .06 cents per KWH you are paying too much and your rates went up.

If you do not do anything your rates will keep increasing. If you would like to take control over your rate increases and lock in a lower rate that will not change you can call us at **1-877-404-5801** Mon-Fri between the hours of 9 and 5pm to speak to a specialist to see what rate your business account may qualify for.